In re Merlin W. HARTFORD and Linda C. Hartford, Debtors.

Bankruptcy No. 280–00391.

United States Bankruptcy Court, D. Maine.

Jan. 7, 1981.

David Hillman, Portland, Me., for Maine Savings Bank.

Gerald S. Cope, Portland, Me., Trustee pro se.

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

On October 22, 1980 this Court confirmed the Debtors' Chapter 13 plan. The confirmation order, prepared by the Chapter 13 standing trustee, listed Maine Savings Bank as "long term claimant" with a claim in the amount of $37,156.42, with the Debtors in default in the amount of $444.17. The order provided that the Bank's claim be paid at the contract rate and that the default be cured by payments of $50.00 per month. The order provided for payments by the Debtors directly to the Bank.

On October 30, 1980 the Bank filed a motion for reconsideration of the order confirming the Debtors' plan. It seeks to have its claim allowed as a secured claim rather than to be listed a "long term claimant." The Bank's position is that its claim should be allowed since it timely filed a proof of its secured claim and no party in interest objected to the claim.

The Trustee contends that the Bank's claim need not be acted upon (allowed or disallowed) since under Section 1322(b)(5) of the Code a Chapter 13 plan may provide, with respect to any claim on which the last payment is due after the date on which the final payment is due under the plan, for the curing of any default within a reasonable time and the maintenance of payments while the case is pending. The Trustee contends that since the plan and order of confirmation treated the Bank's claim as a "long term debt" in the manner prescribed in Section 1322(b)(5), the Bank is not harmed in any way. The Trustee points out that the Bank will continue to receive its payments as originally contracted for and the Debtors' default will be cured within a reasonable time. Furthermore, Trustee argues, the Debtors' debt to the Bank will not be discharged since Section 1328 of the Code excepts from discharge any debt provided for under Section 1322(b)(5).

Having heard the arguments of counsel for the Bank and the Trustee and having reviewed the file and the pertinent sections of the Bankruptcy Code, the Court is convinced that the Bank's motion for reconsideration should be granted. The Bank's secured claim should have been allowed before the order confirming the Debtors' plan was entered.

## DISCUSSION

In the schedules, filed on August 13, 1980 with their Chapter 13 petition, the Debtors listed the Bank as a secured creditor with a claim of $37,100 secured by a mortgage on their principal residence, which is valued in excess of $39,000.[1] On August 26, 1980 the Bank filed with this Court a proof of claim in the amount of $37,156.42 secured by a properly recorded first mortgage on the Debtors' real estate.[2] No party in interest has filed an objection to the Bank's claim.

Two issues are presented for resolution:

1. Must a secured claim, proof of which is timely filed, and which is provided for by the debtor's Chapter 13 plan, be allowed

---

1. The schedules value the real estate at $39,200. An appraisal furnished by the Bank set the value at $39,500.

2. The Bank's proof of claim was filed before the conclusion of the first meeting of creditors as·required by Bankruptcy Rule 13–302(e)(1). This court disagrees with several recent cases which have held that Bankruptcy Rule 13– 302(e) is inconsistent with the new Bankruptcy Code. In this court's view the Rule is not inconsistent with the Code and is as necessary to the proper administration of a Chapter 13 case under the Code as it was under Chapter XIII. *See* Pub.L. 95–598, § 405(d). Collier, 15th ed. ‘ 501.02.

before confirmation where no objection has been made by a party in interest?

2. If the secured claim is "long term" within the meaning of Section 1322(b)(5) does this alter the result?

Resolution of these issues requires an examination of several sections of the Bankruptcy Code.

Section 1322(b)(2) permits[3] a debtor's plan to modify the rights of most creditors holding secured claims. The only exceptions are those claims secured only by a security interest in real property that is the debtor's principal residence.[4]

Section 1322(b)(5), another optional provision, provides that, even though a debtor's plan may not modify the rights of holders of claims secured only by a security interest in real property that is the debtor's principal residence, if the last payment on the claim is due after the date on which the final payment under the plan is due, then the debtor's plan may provide for the curing of any default within a reasonable time and for the maintenance of payments while the debtor's Chapter 13 plan is pending.[5]

In the instant case the debtors elected to provide in their plan for the curing of their default within a reasonable time and for the maintenance of payments on the Bank's

claim during the pendency of their Chapter 13 plan.[6]

The Bank rejected the Debtors' plan and timely filed proof of its secured claim. The filing of a proof of claim is a request by the creditor for allowance of the claim. Collier, 15th ed. ¶ 506.07.

Section 502(a) of the Code, made applicable to Chapter 13 cases by Section 103(a), provides that a claim, proof of which is timely filed, is deemed allowed, unless a party in interest objects.[7] Section 502(a) does not specify, however, when a claim will, or must, be allowed. We must refer to other sections of the Code to determine when a secured claim, proof of which has been timely filed in a Chapter 13 case, must be allowed.

Two sections of the Code, both applicable to Chapter 13 cases, clearly require that proof of secured claims be acted upon (allowed or disallowed) before confirmation of a Chapter 13 plan. Both sections deal only with *allowed secured claims.*

Section 506(a), made applicable to Chapter 13 cases by Section 103(a), requires, as to *each allowed secured claim,* a valuation of the creditor's security "in conjunction with" a hearing on confirmation of the Chapter 13 plan.[8]

3. It should be noted that subsection (b) of Section 1322 contains optional provisions of Chapter 13 plans. The only mandatory provisions of Chapter 13 plans are found in subsection (a) of Section 1322.

4. Section 1322(b) provides:
   Subject to subsections (a) and (c) of this section, the plan may—

   .     .     .     .     .

   (2) modify the rights of holders of secured claims other than a claim secured only by a security interest in real property that is the debtor's principal residence, or of holders of unsecured claims; . . .

5. Paragraph (5) of Section 1322(b) provides: notwithstanding paragraph (2) of this subsection, [the plan may] provide for the curing of any default within a reasonable time and maintenance of payments while the case is pending on any unsecured claim or secured claim on which the last payment is due after the date on which the final payment under the plan is due; . . .

6. It must be observed that many of the Chapter 13 plans reviewed by this Court, including the plan filed in this case, are exceedingly sketchy. Counsel and debtors are forewarned that, in the future, plans that come on for confirmation should contain more detail. *See* Sections 1322 and 1325 of the Code.

7. "Deemed allowed" means that the proof of claim constitutes prima facie evidence of the validity and amount of the claim and that the claim will be allowed unless a party in interest objects. Collier, 15th ed. ' 302.01 Senate Report No. 989, 95th Cong., 2d Sess. 62 (1978). House Report No. 595, 95th Cong., 1st Sess. 352 (1977), U.S.Code Cong. & Admin.News 1978, p. 5787.

8. Section 506(a) provides:
   (a) *An allowed claim* of a creditor secured by a lien on property in which the estate has an interest, . . . is a secured claim to the extent of the value of such creditor's interest in the estate's interest in such property, . . . and is an unsecured claim to the extent that the

Section 1325(a)(5) also requires that a timely filed proof of a secured claim provided for by the plan be acted upon before confirmation. That section requires a finding before confirmation, with respect to *each allowed secured claim* provided for by the plan that:

(A) the holder of such claim has accepted the plan;

(B)(i) the plan provides that the holder of such claim retain the lien securing such claim; and

(ii) the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the *allowed* amount of such claim; or

(C) the debtor surrenders the property securing such claim to such holder; . . . (Emphasis added).

■ From the foregoing discussion it seems clear that Sections 506(a) and 1325(a)(5) require that a secured claim, proof of which is timely filed, and which is provided for in the debtor's Chapter 13 plan, must be allowed or disallowed before confirmation of the plan. It seems equally clear that Section 502(a) requires, in the absence of an objection by a party in interest, that the claim be allowed.[9]

If the secured claim is a long-term claim within the meaning of Section 1322(b)(5) does this alter the result? The Court concludes that it does not.

Section 1322(b)(5) applies to every secured claim (or unsecured claim) "on which the last payment is due after the date on which the final payment under the plan is due." It permits the debtor,[10] as to such claims to "provide for curing any default within a reasonable time and maintenance of payments while the [Chapter 13] case is pending." The provision is designed to provide for "long-term debt, such as mortgage debt." *See* H.R. No. 95–595, 95th Cong., 1st Sess. 429 (1977), U.S.Code Cong. & Admin. News 1978, p. 6384; also, 124 Congressional Record H. 11, 106 House debate (Sept. 28, 1978) and S. 17,423, final Senate debate Oct. 6, 1978).

The Court is unable to find anything in the Code that would indicate that long-term secured claims, provided for in the debtor's plan under Section 1322(b)(5), are not subject to Section 501, which deals with the filing of proofs of claim, or Section 502, which deals with allowance. Nor, has anything been pointed out or found that would indicate that such claims, proof of which are timely filed, are not subject to Section 506, which deals with secured status, or Section 1325, which deals with confirmation.

In the case under consideration, the Bank's claim was provided for in the Debtors' plan. A proof of claim was timely filed and no objection to the proof was filed by a party in interest.

The Debtors and the Bank agree that the value of the property exceeds $39,000 and that the Bank's claim is in the amount of $37,156.42. This makes an evidentiary hearing on valuation of security under Section 506(a) unnecessary.

■ In a case such as this, where the holder of a secured claim provided for by the plan has not accepted the plan and where the debtor does not surrender the property securing such claim to the holder, the Court must find that the plan satisfies Section 1325(a)(5)(B)(i) and (ii).

Subparagraph (B)(i) is clearly satisfied because the plan provides for retention of its lien by the Bank. In the Court's view, subparagraph (b)(ii) is satisfied because the

value of such creditor's interest . . . is less than the amount of such allowed claim. Such value shall be determined in light of the purpose of the valuation . . . *and in conjunction with any hearing . . . on a plan affecting such creditor's interest.* (Emphasis added).

**9.** This is not to say that the Court need not make the findings required by Sections 506(a)

and 1325(a)(5) in the absence of an objection. These findings are required in every case before confirmation of a Chapter 13 plan.

**10.** Remember, Section 1322(b)(5) is permissive only. The debtor's plan need not provide for such claims. See Collier, 15th Ed., ' 1325.-01[2][E][b].

plan provides for maintenance of payments on the claim at the contract rate while the Debtors' Chapter 13 case is pending, as permitted by Section 1322(b)(5).

The Bank's claim should have been allowed as a fully secured claim before confirmation of the Debtors' Chapter 13 plan. An order will be entered amending the Order of Confirmation in accordance with this decision.