278

**In re Robert LIZZOTTE, Debtor.**

**Bankruptcy No. 179–10010.**

United States Bankruptcy Court,
D. Maine.

Dec. 28, 1981.

Gerald S. Cope, Portland, Maine, trustee.

Stephen Morrell, Eaton, Peabody, Bradford & Veague, Bangor, Maine, for Merrill Trust.

1. The Merrill Trust Company filed a proof of claim for three debts, each representing a separate transaction: a car loan in the amount of $1,225.20, and two personal loans in the amounts of $715.03 and $249.17.

2. The Merrill Trust Company argues that it was not noticed of this meeting and was unaware of the bankruptcy until March 26, 1980. The

## MEMORANDUM DECISION

FREDERICK A. JOHNSON, Bankruptcy Judge.

The Trustee in bankruptcy objects to the claim of the Merrill Trust Company[1] on the grounds they were not timely filed. The Bank, in response, has requested the Court to reopen the time for filing proofs of claim permitting it to file its claims late. The Debtor's Chapter 13 petition was filed on October 5, 1979. A meeting of creditors was set for December 17, 1979.[2] Merrill's proof of claim was filed January 9, 1981.

The delayed filing, the Bank claims, was attributable at first to its lack of knowledge of the pending petition and later to its belief that the Debtor's petition had been dismissed.

A proof of claim may be filed by any entity that holds a claim against the debtor, 11 U.S.C. § 1305. But a claim must be filed timely. In the case of an unsecured claim, such as those of the Merrill Trust Company, the claim must be filed within six months after the first date set for the first meeting of creditors except if the Court, prior to the expiration of this date, grants a fixed time extension. Bankr. Rule 13–302(e)(2).[3] Bankruptcy Rule 906(b) does not permit extension of time for filing proofs of claim after the time has expired. *See In re Valley Fair Corp.*, 4 B.R. 564, 567 (Bkrtcy.S.D. N.Y.1980). Even if this were a discretionary matter, the record does not support the Merrill Trust's contention that failure to timely file was excusable neglect.

An appropriate order will be entered.

Court's records indicate it was notified of the meeting.

3. Bankruptcy Rule 13–302(e) is applicable to cases filed under the Bankruptcy Code. *See In re Hartford*, 7 B.R. 914, 915 (Bkrtcy.D.Me. 1981), 7 B.C.D. 145, 3 C.B.C.2d 761.