**In re William and Deborah CALVERT.**

**GREEN TREE ACCEPTANCE, INC., Appellant,**

v.

**William and Deborah CALVERT, Appellees.**

Civ. A. No. 88-C-1778-E.

United States District Court, N.D. Alabama, E.D.

Dec. 16, 1988.

Michael L. Hall, and David W. Proctor, Birmingham, Ala., for appellant.

Thomas Semmes, Anniston, Ala., for appellees.

## MEMORANDUM OPINION

CLEMON, District Judge.

This is an appeal of the bankruptcy court's confirmation of a Chapter 13 plan. The issue on appeal is

Whether the Bankruptcy Court has the right to determine the value of a claim secured by a lien on property in which the state has an interest (a) where no party filed a motion objecting to the claim or the value of the property, and (b) where the claimant was not giving [sic] any prior notice that such an issue will be heard at the confirmation hearing.

Brief for Appellant at 3.

After a careful review of the record and the relevant statutes and case law, the Court affirms the bankruptcy court's findings of fact and its confirmation of the Calvert's Chapter 13 plan.

### Facts

William and Deborah Calvert purchased a mobile home from Adventure Homes, Inc. in January 1982 for $17,238.00. Adventure Homes filed a financing statement to perfect its security interest. The record reflects that Adventure Homes assigned its interest to Green Tree Acceptance, Inc., the appellant in this case. In February, 1982 Green Tree filed a statement making it the secured party on the financing statement that American Adventure had filed earlier.

The Calverts filed a Chapter 13 bankruptcy petition on January 14, 1988. The appellant Green Tree and other creditors were sent a "Notice of Meeting of Creditors" that stated that a confirmation hearing was scheduled for May 31, 1988. The notice informed creditors that evidence of the value of collateral might be received on the court's motion at the confirmation hearing.

Green Tree filed a proof of claim form on February 10, 1988 and listed the fair market value of the mobile home to be $12,713.00. Green Tree filed an amended proof of claim on July 18, 1988 that again listed $12,713.00 as the fair market value of the mobile home. On both forms Green Tree stated that its claim was secured.

At the first confirmation hearing held on May 31, 1988 the bankruptcy court found that Green Tree's claim was unsecured on the belief that Green Tree had terminated the financing statement that perfected Green Tree's security interest in the mobile home. At the hearing, Mr. Calvert testified that the value of the mobile home was $6,000.00 or $7,000.00. Green Tree was not represented at the hearing.

The bankruptcy court entered an order denying confirmation of the proposed plan on June 9, 1988 on the grounds that the plan did not comply with 11 U.S.C. § 1322. The Calverts filed an amendment to their proposed plan and moved for reconsideration on June 13, 1988. The Court scheduled a hearing for July 26, 1988 "to consider and act upon the following matter(s): MOTION OF DEBTORS FOR RECONSIDERATION OF ORDER DENYING CONFIRMATION OF PLAN." Green Tree filed an objection to the modified plan on July 18, 1988 on the grounds that the plan inaccurately listed it as an unsecured creditor.

At the July 26, 1988 hearing the bankruptcy court concluded that Green Tree had perfected its security interest and that it had a secured claim. Also at the hear-

ing, the bankruptcy court received evidence on the value of the mobile home upon the request of Green Tree's attorney. Mr. Calvert testified that the value of the mobile home was $7,000. Calvert on cross-examination by Green Tree's attorney testified that he based his opinion on the retail value of the mobile home. He stated that he had not consulted written materials to determine the value of the mobile home. He also stated that he had never been involved in mobile home appraisal. He further testified that he had purchased the mobile home six years ago and that the mobile home needed a new bottom. Green Tree presented no evidence on the issue of the mobile home's value; instead, Green Tree's attorney requested an opportunity to submit evidence on the mobile home's value if the bankruptcy court held another confirmation hearing.

The Court entered an order on August 19, 1988 approving the Calvert's plan that included the modifications made during the July 26 hearing. In the order, Green Tree was listed as having a secured claim of $8,923.80 which reflected the $7,000.00 value plus compensation for the installment payment of the claim. The Court also found that Green Tree had an allowed unsecured claim of $8,666.00. This appeal followed.

### Discussion

A district court may only set aside a bankruptcy court's findings of fact if they are "clearly erroneous." The court must also accord due regard to the bankruptcy court's opportunity to judge the credibility of witnesses. Bankr.R. 8013. In this case, the court found as a matter of fact that the "mobile home has a value of seven thousand dollars." Tr. 34.

The Court does not believe this finding to be clearly erroneous. Bankruptcy Rule 3012 states that

[t]he Court may determine the value of a claim secured by a lien on property in which the estate has an interest on motion of any party in interest and after a hearing on notice to the holder of the secured claim....

Green Tree was given notice of the May 31, 1988 confirmation hearing at which the court took evidence of the value of the Calverts' mobile home. Green Tree did not attend the hearing. Consequently, Green Tree's assertion that it did not receive notice that the Court would hear evidence on the value of the mobile home is without merit.

The Court also cannot accept Green Tree's contention that its claim must be allowed at the value stated on its proof of claim because the Calverts did not object.

At issue in this case is whether the bankruptcy court erred in its valuation of a claim done pursuant to Section 506(a). The appellant's assertion that *In Re Simmons*, 765 F.2d 547 (5th Cir.1985) requires a party to object to dispute the value of collateral is incorrect. *Simmons* does not require that an objection be filed prior to a bankruptcy court's determination of value. *Simmons* instead addresses the issue of whether there is a need to file an objection to oppose the *allowance* of a claim. *Id.* at 553. The determination of the allowability of a claim under § 502 is separate from and predecessor to a determination of value under § 506(a). *In Re Palombo Farms of Colorado, Inc.*, 43 B.R. 709 (Bankr.D.Colo. 1984); *In Re Hartford*, 7 B.R. 914 (Bankr. D.Me.1981).[1] Section 502 does not apply to the valuation process under § 506. Consequently, § 502(a)'s requirement that a party in interest file an objection is not applicable to § 506(a).

The bankruptcy court in this case received evidence on the value of the mobile home. It then determined what part of the allowed claim would be secured and unse-

1. The Court is in agreement with the appellees that *In Re Hartford, supra,* applies in this case. The bankruptcy court in that case notes in a footnote that its determination that § 502(a) requires the allowance of a claim in the absence of an objection does not "say that the Court need not make the findings required by Sections 506(a) and 1325(a)(5) in the absence of an objection. These findings are required in every case before confirmation of a Chapter 13 plan." *In Re Hartford* at 917 n. 9. This statement directly addresses the issue of whether an objection is necessary under § 506(a).

cured. The bankruptcy court's actions were within the guidelines of § 506(a). *See, In Re Jablonski,* 88 B.R. 652, 657 (Bankr.E.D.Pa.1988).

Because the court finds no clear error in the bankruptcy court's findings of fact and finds that the applicable law does not support the appellant's contentions, the judgment below in favor of the appellee must be affirmed.

A separate order consistent with this opinion will issue.