In re Markham E. DUNLAP and
Lisa Gayle Dunlap, Debtors.

Bankruptcy No. 95–20169M.

United States Bankruptcy Court,
E.D. Arkansas,
Helena Division.

July 16, 1997.

G. Gregory Niblock, Stuttgart, AR, for Debtors.

Faber D. Jenkins, Little Rock, AR, for Chrysler Financial Corp.

## ORDER

JAMES G. MIXON, Chief Judge.

The matter before the Court is an objection to confirmation of the modified plan of Markham E. and Lisa Gayle Dunlap (Debtors). For the reasons stated below, the objection to confirmation is sustained. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction to enter a final judgment in the case.

## FACTS

On November 13, 1995, the Debtors filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. Their plan listed Chrysler Financial Corporation (Chrysler) as a credi-tor holding a claim secured by a security interest in a vehicle valued at $12,400.00. The plan proposed to pay Chrysler's claim of $12,322.48 in full over the 60–month life of the plan, including interest at the rate of 10% per annum, in monthly payments of $270.00. Unsecured claims were to be paid on a pro rata basis in an amount not reflected by the record.

After a modification unrelated to the treatment of Chrysler's claim, the Court confirmed the plan by order entered March 28, 1996. A second modification filed November 12, 1996, proposed to reduce the plan length from 60 to 48 months. This modified plan was confirmed December 17, 1996.

On January 24, 1997, the Debtors filed a third modified plan, proposing to surrender the vehicle to Chrysler and to treat any unpaid balance of the debt after the vehicle was liquidated under state law as an unsecured claim. The Debtors also sought to reduce the plan length from 48 to 36 months.

Because of the proposed treatment of Chrysler's claim, the creditor objected to confirmation of the modified plan. A hearing on the objection was held February 25, 1997. The parties submitted the dispute to the Court upon stipulated facts, including the following:

.  .  .  .  .

3. That if everything had gone in accordance with Debtors' confirmed plan, Chrysler Credit [sic] would have received fourteen (14) $270.00 monthly payments, for a total of $3780.00, which would have been paid by the Chapter 13 Trustee.

4. That Chrysler Financial has been paid $1864.41 by the Chapter 13 Trustee which leaves a deficiency of $1915.59 as compared to if [sic] Chrysler had been paid pursuant to the plan.

5. That the Debtors have had the use of the vehicle in question over the 14 month period referenced herein.

6. That the Debtors suffered a loss of employment which resulted in non–payment to the Chapter 13 Trustee which, in turn, resulted in non–payment to Chrysler Financial.

7. That there was no bad faith on the part of the Debtor in surrendering the vehicle herein to Chrysler Financial nor was there any abuse of Chrysler's collateral.

The parties have not submitted briefs in support of their respective positions and made no argument at the hearing.

## DISCUSSION

■ Considered together, section 1327, which provides for the binding effect of a confirmed Chapter 13 plan, and section 1329, which authorizes modifications of confirmed plans, create an incongruity. *See* Harry L. Deffebach, *Postconfirmation Modification of Chapter 13 Plans: A Sheep in Wolf's Clothing,* 9 Bankr.Dev. J. 153, 155 (1992) (observing that confusion stems from the res judicata effect of a confirmed plan on later modification proposals). The effect of confirmation of a Chapter 13 plan is to bind the debtor and each creditor, whether or not the claim of such creditor is provided for by the plan and whether or not such creditor has objected to, accepted or rejected the plan. 11 U.S.C. § 1327(a) (1994). An order confirming a Chapter 13 plan is a final order; therefore, absent a timely appeal, such an order is res judicata, and terms of the plan are not subject to collateral attack. *Piedmont Trust Bank v. Linkous (In re Linkous),* 990 F.2d 160, 162 (4th Cir. 1993); *In re Szostek,* 886 F.2d 1405, 1413 (3d Cir.1989); 8 *Collier on Bankruptcy* 1327.02[1] (Lawrence P. King ed., 15th ed.1996).

■ When a Chapter 13 plan is originally confirmed, among the issues settled by the order of confirmation are the proper classification of claims as secured or unsecured and the amount of secured claims. The amount of a secured claim is determined by the value of "such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a)(1994). In order to be confirmed, a Chapter 13 plan must provide for secured claims so that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed amount of such claim...." 11 U.S.C. § 1325(a)(5)(B)(ii)

(1994). The value is fixed as of the effective date of the plan. 8 *Collier on Bankruptcy* ¶ 1325.06(3)(b)(i) (Lawrence P. King ed., 15th ed.1996).

■ Despite the res judicata effect of a confirmation order, section 1329 permits a debtor, the trustee, or an unsecured creditor to propose a modified plan after confirmation of the original plan but before completion of payments under such plan. This section specifically allows modification to

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. § 1329(a)(1)–(3)(1994).

■ To avoid the preclusive effect of the principle of res judicata, the modification should be necessitated by an unanticipated, substantial change in circumstance affecting the debtor's ability to pay. *In re Guernsey,* 189 B.R. 477, 480 (Bankr.D.Minn.1995); *In re Rimmer,* 143 B.R. 871, 873 (Bankr. W.D.Tenn.1992); 8 *Collier on Bankruptcy,* ¶ 1329.03 (Lawrence P. King ed., 15th ed.1996). Additionally, any modified plan must comply with the provisions of section 1329 as well as the mandatory and permissive provisions of section 1322 stating the requirements for contents of a plan. *In re Jock,* 95 B.R. 75, 76 (Bankr.M.D.Tenn.1989).

Although section 1329 permits modification of the amount of payment of claims, it does not specifically authorize a modification of the amount of secured claims. Nevertheless, some courts have permitted such a modification in the absence of bad faith. *In re Rimmer,* 143 B.R. 871, 876 (Bankr.W.D.Tenn. 1992); *In re Jock,* 95 B.R. 75, 77 (Bankr. M.D.Tenn.1989); *Williams v. First Nat'l Bank (In re Williams),* 108 B.R. 119, 123 (Bankr.N.D.Miss.1989); *In re Stone,* 91 B.R. 423, 425 (Bankr.N.D.Ohio 1988). Other courts considering the question do not permit

the kind of modification proposed here for two reasons: the fact that section 1329 does not expressly allow it and the fact that a confirmed plan is res judicata as to claims determinations. *In re Banks,* 161 B.R. 375, 378 (Bankr.S.D.Miss.1993); *In re Algee,* 142 B.R. 576, 580 (Bankr.D.D.C.1992); *Kitchen v. Malmstrom Fed. Credit Union (In re Kitchen),* 64 B.R. 452, 455 (Bankr.D.Mont.1986); *In re Abercrombie,* 39 B.R. 178, 179 (Bankr. N.D.Ga.1984).

 Here, if the Debtors' modified plan is confirmed and they are permitted to surrender the automobile, Chrysler will probably recover, at a maximum, only the depreciated wholesale value of its secured claim plus any deficiency to the extent unsecured creditors receive a distribution.[1]

This outcome is unacceptable for several reasons. First, if a creditor has a claim secured by a lien in a vehicle that is retained by the debtor, a Chapter 13 plan must propose to pay the value of the vehicle calculated at the retail, not wholesale, market. *Associates Commercial Corp. v. Rash,* 96–454, — U.S. ——, —— – ——, 117 S.Ct. 1879, 1886–87, 138 L.Ed.2d 148 (1997); *Metrobank v. Trimble (In re Trimble),* 50 F.3d 530, 531, 532 (8th Cir.1995). Here, the proposed modified plan will probably pay less than the retail value of the vehicle despite the fact that the Debtors have retained the collateral for more than a year. Second, the Debtors seek to bifurcate a claim, which is already classified as fully secured, into a secured claim measured by the depreciated wholesale value and an unsecured claim measured by the unpaid deficiency. Consequently, the proposed modified plan values Chrysler's claim a second time, rendering the requirement of section 1325(a)(5)(B)(ii) nugatory. Third, section 1329 does not specifically authorize a modified plan to alter the amount of a previously determined secured claim or to reclassify a claim from secured to unsecured.

The comments of Judge Norton are directly on point when he states that section 1329 "does not provide the debtor with a means to reclassify a previously allowed secured claim as unsecured after the plan has been con-

firmed. To do so would be to circumvent the principle of res judicata which binds the debtor and creditor...." *In re Abercrombie,* 39 B.R. 178, 179 (Bankr.N.D.Ga.1984). Other cases support this view. *In re Banks,* 161 B.R. 375, 378 (Bankr.S.D.Miss.1993); *In re Algee,* 142 B.R. 576, 580 (Bankr.D.D.C. 1992); *In re Holt,* 136 B.R. 260, 261 (Bankr.D.Idaho 1992); *Pennsylvania v. Flick (In re Flick),* 14 B.R. 912, 918 (Bankr. E.D.Pa.1981); *Ford Motor Credit Co. v. Lewis (In re Lewis),* 8 B.R. 132, 137 (Bankr.D.Idaho 1981).

In sum, the Debtors' proposed modification is not authorized by the terms of 11 U.S.C. § 1329 and is an unfair manipulation of the provisions of Chapter 13 of the Bankruptcy Code.

Therefore, for the reasons stated, the objection to confirmation is sustained.

IT IS SO ORDERDED.

---

**1.** This statement assumes Chrysler liquidates its collateral at some type of wholesale auction.