**In re Charles Preston TYSON, Sr., Debtor.**

**No. 4:05–bk–24854M.**

United States Bankruptcy Court, E.D. Arkansas, Western Division.

Jan. 11, 2007.

John Alexander Flynn, Flynn Law Firm, Cabot, AR, for Debtor.

## ORDER

JAMES G. MIXON, Bankruptcy Judge.

On October 8, 2005, Charles Preston Tyson, Sr., ("Debtor"), filed a voluntary petition for relief under the provisions of Chapter 13 of the United States Bankruptcy Code. The Debtor claimed a residence located at 4766 Highway 157, Judsonia, Arkansas, as a homestead pursuant to the Arkansas Constitution, Article 9, Sections 3 and 4. He valued the exemption at $371,000.00. No party in interest objected to the Debtor's claim of homestead. According to the petition, the homestead was subject to a mortgage securing a debt in the sum of $179,000.00. The petition also indicated that title to the home was held as tenancy by the entirety.

In April of 2006, the Debtor sold his homestead. After dividing the proceeds with his former spouse, the net proceeds in the sum of $70,425.08 were paid to the Chapter 13 Trustee. On August 8, 2006, the Debtor filed a motion for an order directing the Chapter 13 Trustee to refund the sale proceeds to the Debtor. On the same date, the Trustee filed a motion to modify the plan, proposing to distribute the $70,425.08 to unsecured creditors. The Trustee also objected to the motion for refund. The motions of the Debtor and the Trustee were heard at Little Rock, Arkansas, on August 30, 2006, and were taken under advisement. Both parties have filed briefs. The matters before the Court are core proceedings pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court may enter a final judgment in this case.

### FACTS

The Debtor testified that at the time he filed for bankruptcy on October 8, 2005, he was divorced. He stated that the divorce decree provided that the homestead was to be sold on or before February 16, 2006, and the net proceeds were to be divided evenly with his former spouse after payment of closing cost and the mortgage indebtedness.

The Debtor stated that after the homestead was sold, his intentions were to purchase a new home with his share of the sale proceeds. The Debtor testified that he wanted to keep the homestead, but the divorce court ordered it sold. He stated he tried to negotiate with his former spouse to purchase her interest, but was unsuccessful. The divorce decree was not introduced into evidence, and there was no evidence offered by either party as to who lived in the homestead, if anyone did, from the date the divorce was entered until the home was sold.

### ARGUMENT

The Trustee argues that she should distribute the proceeds from the sale of the Debtor's residence to creditors because, under Arkansas law, he is ineligible to claim the homestead exemption since he

abandoned his homestead. The Trustee contends that the sale proceeds would be available for distribution in a Chapter 7 case and, therefore, must be distributed to creditors pursuant to 11 U.S.C. § 1325(a)(4). The Debtor argues that he never abandoned his home, and, therefore, the proceeds should be exempt and he should be able to use those proceeds to buy a new homestead.

## DISCUSSION

■ The Trustee's motion to modify plan is without merit for two reasons. First, the Trustee simply has no statutory grounds to file a modified plan. Section 1323 of the Bankruptcy Code provides that, "[t]he Debtor may modify the plan at any time before confirmation...." However, section 1329 permits the trustee to propose a modified plan only after confirmation. 11 U.S.C. § 1329 (2000); *In re Dunlap*, 215 B.R. 867, 869 (Bankr. E.D.Ark.1997).

The Debtor's original plan was filed on October 8, 2005, and the case docket reflects that an objection to confirmation was filed by Betty Tyson on December 12, 2005. After several continuations, the Debtor and Betty Tyson settled the objection and submitted an agreed order which was signed by the Court and entered on the docket on July 25, 2006.

Thereafter, the Chapter 13 Trustee's office entered an order confirming the Debtor's plan on August 3, 2006.[1] On August 10, 2006, the Chapter 13 Trustee's office entered an order revoking the August 8, 2006 order of confirmation, stating that the order was entered in error. There is no confirmed plan as of this date.

Pursuant to 11 U.S.C. § 1323, the Trustee had no authority to file a modified plan prior to confirmation. 8 Collier on Bankruptcy ¶ 1323.3 (Alan N. Resnick & Henry J. Sommer, *et al.* eds., 15th ed. rev.2006) (stating that the rule restricting who may file a modified plan prior to confirmation comports with the voluntary nature of chapter 13). Similarly, Section 1329 limits the Trustee to proposing a modified plan only after confirmation.

■ The Trustee's motion is also without merit because the Debtor claimed the property in question as a homestead when the case was filed on October 8, 2005, and no one objected, including the Trustee. Exemptions are determined at the time a case is filed. *In re Jones*, 193 B.R. 503, 507 (Bankr.E.D.Ark.1995) (citing *Armstrong v. Peterson (In re Peterson)*, 897 F.2d 935, 937 (8th Cir.1990)). Federal Rule of Bankruptcy Procedure 4003(b) requires that a party in interest file any objection to a claim of exemption within thirty days after the meeting of creditors. If no objection is filed, the exemption is conclusively established and cannot be collaterally attacked. *Taylor v. Freeland & Kronz*, 503 U.S. 638, 643, 112 S.Ct. 1644, 118 L.Ed.2d 280 (1992).

■ The docket reflects that the Trustee did not object to the homestead exemption within the period provided by the Bankruptcy Code. The Trustee may not now disguise a belated objection to exemption as a proposed plan modification or a response to the Debtor's motion for refund.

For these reasons, the Debtor's objection to the modified plan filed by the Trustee is sustained, and the Debtor's motion for a refund is granted. The Trustee is

---

1. The confirmation order was entered by the Chapter 13 Trustee pursuant to General Order 11, adopted on March 12, 2004. The Bankruptcy Court's General Orders for the Eastern and Western Districts of Arkansas can be found at www.areb.uscourts.gov.

ordered to pay the proceeds of the sale of the Debtor's homestead in the sum of $70,425.08 to the Debtor.

IT IS SO ORDERED.