**In re Rita and Edward BELCHER, Debtors.**

**No. 5:06–bk–12644M.**

United States Bankruptcy Court, E.D. Arkansas, Pine Bluff Division.

June 6, 2007.

Kyle Havner, Baim Law Firm, Pine Bluff, AR, for Debtors.

Hilary B. Bonial, Brice Legal Group, P.C., Dallas, TX, Waylan Cooper, Wilson & Associates, PLLC, Little Rock, AR, EMC Mortgage Corporation.

Robert Fehse, Hale Dewey & Knight, Wendy Geurin Smith, Law Office of Wendy Geurin Smith, Memphis, TN, Alice Whitten, Attorney at Law, Arlington, TX, for AmeriCredit.

## AMENDED ORDER

JAMES G. MIXON, Bankruptcy Judge.

The matter before the Court is an objection to confirmation by AmeriCredit Financial Services, Inc. (AmeriCredit) of a modified plan filed by Rita and Edward Belcher (Debtors). The matter was set for trial on the merits in Pine Bluff, Arkansas, on February 23, 2007, and the matter was taken under advisement. The parties submitted the matter to the Court based on stipulated facts and supporting briefs. The proceeding before the Court is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(L), and the Court has jurisdiction to enter a final judgment in the case.

## I.

### FACTS

The Debtors filed a joint voluntary petition for relief under the provisions of Chapter 13 on June 28, 2006. AmeriCredit is the holder of a perfected purchase money security interest in a 2005 Hyundai vehicle purchased within 910 days of the date the petition was filed. The Debtors' original plan provided that AmeriCredit's secured claim was a claim not subject to the provisions of 11 U.S.C. § 506. Therefore, the value of the secured claim ($19,132.19) was equal to the value of the collateral ($19,200.00), and the claim was to be paid in full at the rate of $397.00 per month including interest accruing on the unpaid principal balance at 9% per annum.[1] The vehicle was involved in an accident and was declared a total loss in December 2006. The Debtors' insurance company agreed to pay $13,262.50 to AmeriCredit for the loss of the vehicle.

On December 6, 2006, the Debtors filed a modified plan that changed the treatment of the claim of AmeriCredit by providing that the claim would be satisfied in full by payment of the insurance proceeds and the transfer of the wrecked vehicle to AmeriCredit. The stipulations do not reflect what the current unpaid balance of the debt is, nor do the stipulations contain an estimate of the salvage value of the wrecked vehicle. AmeriCredit filed a timely objection to confirmation of the modified plan.

## II.

### ARGUMENT

The Debtors argue that the cases interpreting the hanging paragraph provide that a plan may propose to surrender a

---

1. The treatment of AmeriCredit's claim in this fashion is required by the so-called hanging paragraph contained in 11 U.S.C. § 1325(a)(5), which requires that the claim be paid in full if the vehicle is kept, as opposed to bifurcated into secured and unsecured claims. The parties did not stipulate that the vehicle was acquired for the personal use of either Debtor, but the Court assumes that it was because the parties stipulated that the vehicle is a "910 vehicle." There is no explanation for the minor difference in the value of the vehicle and the debt.

910 car in full satisfaction of the creditor's claim pursuant to 11 U.S.C. § 1325(a)(5); therefore, the modification which proposes to surrender the car in full satisfaction of the claim should be confirmed under 11 U.S.C. § 1329, which incorporates the requirements of 11 U.S.C. § 1325(a)(5).

AmeriCredit argues that the modification of a Chapter 13 plan under 11 U.S.C. § 1329 cannot change the treatment of a secured creditor under a confirmed Chapter 13 plan because of the principle of res judicata, and the hanging paragraph of 11 U.S.C. § 1325 under the Bankruptcy Abuse Prevention and Consumer Protection Act (BAPCPA) does not change this rule.

## III.

## DISCUSSION

This Court has previously been presented with the issue of modification of the treatment of a secured creditor's claim. See *In re Dunlap*, 215 B.R. 867 (Bankr. E.D.Ark.1997). In *Dunlap*, this Court sided with cases holding that the treatment of a secured creditor's claim may not be properly modified under 11 U.S.C. § 1329. *In re Dunlap*, 215 B.R. 867, 868 (Bankr. E.D.Ark.1997). The reasoning behind the result in *Dunlap* was explained as follows:

> When a Chapter 13 plan is originally confirmed, among the issues settled by the order of confirmation are the proper classification of claims as secured or unsecured and the amount of secured claims. The amount of a secured claim is determined by the value of "such creditor's interest in the estate's interest in such property." 11 U.S.C. § 506(a) (1994). In order to be confirmed, a Chapter 13 plan must provide for secured claims so that "the value, as of the effective date of the plan, of property to be distributed under the plan on account of such claim is not less than the allowed

amount of such claim...." 11 U.S.C. § 1325(a)(5)(B)(ii) (1994). The value is fixed as of the effective date of the plan. 8 Collier on Bankruptcy ¶ 1325.06(3)(b)(i) (Lawrence P. King ed., 15th ed.1996).

Despite the res judicata effect of a confirmation order, section 1329 permits a debtor, the trustee, or an unsecured creditor to propose a modified plan after confirmation of the original plan but before completion of payments under such plan. This section specifically allows modification to

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. § 1329(a)(1)-(3) (1994).

To avoid the preclusive effect of the principle of res judicata, the modification should be necessitated by an unanticipated, substantial change in circumstance affecting the debtor's ability to pay. *In re Guernsey*, 189 B.R. 477, 480 (Bankr.D.Minn.1995); *In re Rimmer*, 143 B.R. 871, 873 (Bankr.W.D.Tenn. 1992); 8 Collier on Bankruptcy, ¶ 1329.03 (Lawrence P. King ed., 15th ed.1996). Additionally, any modified plan must comply with the provisions of section 1329 as well as the mandatory and permissive provisions of section 1322 stating the requirements for contents of a plan. *In re Jock*, 95 B.R. 75, 76 (Bankr.M.D.Tenn.1989).

Although section 1329 permits modification of the amount of payment of claims,

it does not specifically authorize a modification of the amount of secured claims. Nevertheless, some courts have permitted such a modification in the absence of bad faith. *In re Rimmer*, 143 B.R. 871, 876 (Bankr.W.D.Tenn.1992); *In re Jock*, 95 B.R. 75, 77 (Bankr.M.D.Tenn.1989); *Williams v. First Nat'l Bank (In re Williams)*, 108 B.R. 119, 123 (Bankr. N.D.Miss.1989); *In re Stone*, 91 B.R. 423, 425 (Bankr.N.D.Ohio 1988). Other courts considering the question do not permit the kind of modification proposed here for two reasons: the fact that section 1329 does not expressly allow it and the fact that a confirmed plan is res judicata as to claims determinations. *In re Banks*, 161 B.R. 375, 378 (Bankr. S.D.Miss.1993); *In re Algee*, 142 B.R. 576, 580 (Bankr.D.D.C.1992); *Kitchen v. Malmstrom Fed. Credit Union (In re Kitchen)*, 64 B.R. 452, 455 (Bankr. D.Mont.1986); *In re Abercrombie*, 39 B.R. 178, 179 (Bankr.N.D.Ga.1984).

*In re Dunlap*, 215 B.R. 867, 869–870 (Bankr.E.D.Ark.1997).

Subsequent cases by the Sixth Circuit bolstered this Court's *Dunlap* opinion, overruling several cases including *In re Jock*, 95 B.R. 75 (Bankr.M.D.Tenn.1989) which supported the opposite result determined in *Dunlap*. See *Ruskin v. DaimlerChrysler Servs. N. Am., LLC (In re Adkins)*, 425 F.3d 296 (6th Cir.2005) and *Chrysler Financial Corp. v. Sahnica Denise Nolan (In re Nolan)*, 232 F.3d 528 (6th Cir.2000). The Sixth Circuit in both cases pointed out that there is still a split of authority on this issue among the Bankruptcy Courts and the District Courts. See *Ruskin v. DaimlerChrysler Servs. N. Am., LLC (In re Adkins)*, 425 F.3d 296 (6th Cir.2005) and *Chrysler Financial Corp. v. Sahnica Denise Nolan (In re Nolan)*, 232 F.3d 528, 531 (6th Cir.2000).

The question remains whether the rationale in the *Dunlap*, *Nolan*, and *Adkins* cases is still applicable even after BAPCPA amended the Bankruptcy Code with the addition of the hanging paragraph of 11 U.S.C. § 1325(a)(5).

Under pre-BAPCPA law, a debtor in a Chapter 13 case had two basic options in dealing with creditors' claims secured by a vehicle. Under the first option, a debtor's plan could propose to retain the vehicle, pay the secured portion of the claim, with interest at the market rate as required by *Till v. SCS Credit Corp.*, 541 U.S. 465, 124 S.Ct. 1951, 158 L.Ed.2d 787 (2004), and if the vehicle was worth less than the claim against it, the unsecured balance was treated as an unsecured claim. See 11 U.S.C. § 506; 11 U.S.C. § 1325(a)(5)(B)(i, ii); and 8 Collier on Bankruptcy ¶ 1325.06 at 1325–32 (Alan N. Resnick & Henry J. Sommers et al. eds., 15th ed. rev.2006). The second option was to surrender the vehicle to the secured creditor, who would then liquidate the vehicle under state law and file an unsecured claim for any deficiency. 11 U.S.C. § 1325(a)(5)(C).

Under BAPCPA, if the vehicle fits the description of a so-called "910 vehicle" contained in 11 U.S.C. § 1325(a)(5), as this one does, then the creditor's claim is deemed fully secured. It is fully secured not because the value of the vehicle is equal to the amount of the claim, as required by 11 U.S.C. § 506, but because the hanging paragraph found in 11 U.S.C. § 1325(a) so designates it by stating that 11 U.S.C. § 506 does not apply to a "910 vehicle." According to the language of the hanging paragraph, if the "910 vehicle" is retained by the debtor and the claim fits the criteria of 11 U.S.C. § 1325(a)(5), the claim will be paid in full, regardless of the value of the collateral.

Under BAPCPA a debtor may still surrender the vehicle to the secured creditor.

11 U.S.C. § 1325(a)(5)(C). Several courts, including this one, have held that because of the hanging paragraph, the surrender is now in full satisfaction of the debt. *See In re Quick,* 360 B.R. 722 (Bankr.N.D.Okla. 2007); *In re Steakley,* 360 B.R. 769 (Bankr.E.D.Tenn.2007); *In re Moon,* 359 B.R. 329 (Bankr.N.D.Ala.2007); *In re Pool,* 351 B.R. 747 (Bankr.D.Or.2006); *In re Turkowitch,* 355 B.R. 120 (Bankr. E.D.Wis.2006); *In re Feddersen,* 355 B.R. 738 (Bankr.S.D.Ill.2006); *In re Moore,* 363 B.R. 91 (Bankr.W.D.Ark.2006); *In re Osborn,* 348 B.R. 500 (Bankr.W.D.Mo.2006); *In re Sparks,* 346 B.R. 767 (Bankr. S.D.Ohio 2006); *In re Payne,* 347 B.R. 278 (Bankr.S.D.Ohio 2006). Other courts take the opposite view. *See In re Morales,* 359 B.R. 211 (Bankr.N.D.Ill.2007); *In re Hoffman,* 359 B.R. 163 (Bankr.E.D.Mich.2006); *In re Particka,* 355 B.R. 616 (Bankr. E.D.Mich.2006); *In re Zehrung,* 351 B.R. 675 (W.D.Wis.2006). The issue has not been decided at the Circuit Court level, as of the date of this opinion.

The same reasons still exist for not permitting a debtor to change the option to surrender or not surrender after confirmation of the original plan. True, the wreck in this case was an unanticipated event, a prerequisite to filing a modification under 11 U.S.C. § 1329, but as previously pointed out, 11 U.S.C. § 1329 does not specifically permit such a modification. The facts in this case indicate that the difference between the unpaid balance of the secured claim and unsecured claim is probably not a significant amount; however, if amendments such as the one proposed are permitted after a debtor destroys the creditor's collateral, regardless of how the destruction occurred, the creditors will bear all of the risk of depreciation and any uninsured casualty. Nothing in 11 U.S.C. § 1329 suggests that a debtor has the authority to retain the initial option to keep and pay for the vehicle or surrender the vehicle in full satisfaction of the debt throughout the life of the plan. The Debtors cite no cases holding that the provisions of BAPCPA permit the modification proposed, and research has not uncovered any such cases. The Court adheres to the rationale set forth in the *Dunlap* case.

## IV.

## CONCLUSION

Under the provisions of res judicata and 11 U.S.C. § 1327, the confirmation of the plan that originally proposed to keep the vehicle and pay the entire amount of the creditor's claim plus interest may not be modified under 11 U.S.C. § 1329 to change the treatment of the secured claim.[2]

For the reasons stated herein, the objection to confirmation is sustained. The Debtors have twenty (20) days to file a modification consistent with this opinion or withdraw the proposed modification.

IT IS SO ORDERED.

---

**2.** As long as the plan proposes to pay Ameri-Credit's claim in full with money, a plan may be modified under 11 U.S.C. § 1329(a)(3) to "alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claims other than under the plan...."