**In re Charles MEEKS and Debra Meeks, Debtors.**

**Bankruptcy No. 97–09734–6J3.**

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 22, 1999.

Andrew Baron, Orlando, FL, for debtor.

William F. Beemer, Rush, Marshall, Reber & Jones, P.A., Orlando, FL, for creditor.

Laurie Weatherford, Winter Park, FL, trustee.

*MEMORANDUM OPINION ON GMAC'S MOTION TO SET ASIDE ORDER GRANTING DEBTOR'S VERIFIED MOTION TO MODIFY CONFIRMED CHAPTER 13 PLAN*

KAREN S. JENNEMANN, Bankruptcy Judge.

This case came on for hearing on March 23, May 4, and June 29, 1999, on the Motion to Set Aside Order Granting Debtors' Verified Motion to Modify Confirmed Chapter 13 Plan (the "Motion") (Doc. No. 60) filed by General Motors Acceptance Corporation ("GMAC"). On January 29, 1999, Charles and Debra Meeks (the "Debtors") filed a Verified Motion to Modify Confirmed Chapter 13 Plan (Doc. No. 52). The Court, on an *ex parte* basis, granted the Debtors' Motion to Modify by order dated February 9, 1999 (the "Modification Order") (Doc. No. 57). GMAC then filed this Motion asking the Court to set aside the Modification Order. After considering the pleadings, oral arguments, and positions of interested parties, GMAC's Motion is granted.

*Undisputed Facts.* The Debtors filed for Chapter 13 relief on November 21, 1997. GMAC filed a claim in their bankruptcy case for $6,822.18, of which $5,888.16 was secured by the Debtors' 1988 ·Cadillac Deville. (Claim No. 7) GMAC had a remaining unsecured claim of $934.02.

On September 22, 1998, the Debtors confirmed a Chapter 13 plan (the "Plan") which provided that the Debtors would pay GMAC the full amount of GMAC's secured claim over 36 months rather than the 14 months remaining under the original contract (Doc. No. 51). Only four months after confirmation, on January 29, 1999, the Debtors filed a Verified Motion to Modify Confirmed Chapter 13 Plan (Doc. No. 52). The Debtors alleged that a new baby caused unexpected financial prob-

lems. As such, the Debtors sought permission to surrender the Cadillac to GMAC and, significantly, to also reduce their plan payments by the $174.00 per month which is the amount allocated to pay GMAC's secured claim. In addition, the Debtors wished to reclassify any remaining claim due to GMAC after the sale of the vehicle as unsecured.

The Chapter 13 Trustee consented to the modification, and the Court granted the Debtors' Motion to Modify the Plan on an *ex parte* basis. No notice was given to GMAC. Thereafter, GMAC brought this Motion to vacate the Modification Order.

In the meantime, GMAC sought and was granted relief from the automatic stay in order to take possession of the Cadillac (Doc. Nos. 55 & 63). GMAC obtained possession and later sold the vehicle. After crediting all sums received from the sale, GMAC has a remaining amount due on its secured claim of $2,165.28.

*Issue.* The issue presented by the Motion is whether, under § 1329 of the Bankruptcy Code,[1] a Debtor may modify a confirmed Chapter 13 plan to surrender collateral subject to a security interest and then reclassify the unpaid remainder of the Creditor's claim as unsecured. GMAC argues that § 1329 does not allow the reclassification of claims and that such a modification is inequitable and unfair to GMAC. The Debtors argue that § 1329 does permit the reclassification of claims despite GMAC's objection.

*Res Judicata Does Not Prevent Modification of Confirmed Chapter 13 Plan for Certain Specified Purposes.* Section 1327(a) provides that "[T]he provisions of a confirmed plan bind the debtor and each creditor, . . . whether or not the creditor has objected to, has accepted, or has rejected the plan." 11 U.S.C. 1327(a) (1998). Accordingly, a confirmed plan is *res judicata* as to any issues resolved or

---

1. Unless specified otherwise, all references to statutory sections refer to Title 11 of the Unit- ed States Code.

subject to resolution at the confirmation hearing. Among these issues is the amount of a secured claim. Under § 1325(a)(5)(B)(ii), a chapter 13 plan must pay the full value of any allowed secured claim. 11 U.S.C. § 1325(a)(5)(B)(ii) (1998). Accordingly, the value of a secured claim is fixed as of the effective date of the plan. *In re Dunlap*, 215 B.R. 867, 869 (Bankr. E.D.Ark.1997).

However, § 1329 specifically allows a debtor to modify a confirmed chapter 13 plan for three specific purposes. Section 1329 provides, in relevant part:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor . . . to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. § 1329(a) (1998).

■ In order to overcome the *res judicata* effect of § 1327(a), some courts require a debtor to demonstrate a substantial, unanticipated change in circumstances justifying the requested modification. *See, e.g., Arnold v. Weast (In re Arnold)*, 869 F.2d 240 (4th Cir.1989); *Dunlap*, 215 B.R. at 869; *In re Rimmer*, 143 B.R. 871, 873 (Bankr.W.D.Tenn.1992). Generally, these courts reason that " § 1329(a) should not be abused by repetitive modification and . . . the confirmation should have a significant degree of finality." *In re Klus*, 173 B.R. 51, 59 (Bankr.D.Conn.1994). *See also Arnold*, 869 F.2d at 240.

Section 1329(a) does not contain any express requirement that an unanticipated change in circumstances is necessary to justify modification. Rather, § 1329(a) specifically permits debtors and creditors to modify the plan for the limited purposes listed. The legislative history indicates that Congress created § 1329 to allow debtors to modify their confirmed plan to address certain problems arising after confirmation. H.R.Rep. No. 95–595 at 265 (1977). However, Congress did not include any language indicating an intent to make a substantial change of circumstances a threshold requirement for any such modification of the plan. *See In re Powers*, 140 B.R. 476, 479 (Bankr.N.D.Ill. 1992). As the United States Court of Appeals for the Seventh Circuit stated:

(t)he Code, in this instance § 1329, does not require any threshold requirement for a modification and we will not use the legislative history to create a rule where none exists.

*Matter of Witkowski*, 16 F.3d 739, 742 (7th Cir.1994). Neither this court nor other courts should require new hurdles for modification of a Chapter 13 plan which Congress neither contemplated nor enacted.

■ Furthermore, *res judicata* on its own does not create a requirement for a showing of a substantial change in circumstances. *Res judicata* does not apply when the plain language of a statute demonstrates that it should not apply. *Id.* at 744 (*citing Astoria Federal Savings and Loan Association v. Solimino*, 501 U.S. 104, 111 S.Ct. 2166, 115 L.Ed.2d 96 (1991)). Here, § 1329(a) gives the debtor, unsecured creditors and the trustee the right to modify a confirmed plan without any threshold requirement. As such, § 1329 and the entire Bankruptcy Code indicate a clear intention that *res judicata* does not apply to the limited modifications permitted for by § 1329. *See Id.*

■ Accordingly, the Debtors need not demonstrate a substantial, unanticipated change in circumstances in order to modify their confirmed chapter 13 plan. However, neither can Chapter 13 debtors simply

modify their plans willy nilly. Section 1329(a) only permits the modification of a confirmed plan for three specific limited purposes.

■ *Section 1329 Does Not Permit the Modification of a Secured Claim.* The next issue then is whether the Debtors' proposed modification qualifies as one of the three modifications permitted by § 1329. In this case, the Debtors wish to surrender the vehicle to GMAC and then reclassify GMAC's remaining secured claim as unsecured. The Debtors have argued that § 1329(a)(1)'s provision allowing a debtor to "increase or reduce the amount of payments on claims of a particular class" permits the Debtors here to modify their Plan by decreasing the payments to GMAC and reclassifying GMAC's claim as unsecured.

Certainly § 1329 permits the Debtors to increase or decrease the monthly payments they make to GMAC; however, nothing in the express language of § 1329(a) permits debtors to reclassify GMAC's secured claim. Nevertheless, a minority of bankruptcy courts have allowed these types of modifications. *See Rimmer*, 143 B.R. at 875; *In re Jock*, 95 B.R. 75, 77 (Bankr.M.D.Tenn.1989). With little legal analysis these courts reason that because § 1329(a)(1) allows debtors to modify *payments* on claims, debtors, in turn, also can modify the *amount* of those claims. *Id.; Rimmer*, 143 B.R. at 875.

Several other courts have rejected this conclusion finding that § 1329(a) does not expressly allow debtors to reclassify a previously secured claim as unsecured. *See Matter of Coleman*, 231 B.R. 397 (Bankr. S.D.Ga.1999); *Dunlap*, 215 B.R. at 867; *In re Banks*, 161 B.R. 375 (Bankr.S.D.Miss. 1993); *In re Holt*, 136 B.R. 260 (Bankr.D.Idaho 1992); *Sharpe v. Ford Motor Credit Company (In re Sharpe)*, 122 B.R. 708 (E.D.Tenn.1991); *In re Taylor*, 99 B.R. 902 (Bankr.C.D.Ill.1989); *Matter of Abercrombie*, 39 B.R. 178 (Bankr. N.D.Ga.1984). Nowhere in § 1329(a) does the statute permit a debtor to modify the *amount* of an allowed secured claim.

Likewise, § 1329(a) does not allow a debtor to reclassify an allowed secured claim as an unsecured claim. The claim amount is fixed at the confirmation hearing, and no provision in § 1329 allows for the later modification or reexamination of the claim amount.

Further, the Bankruptcy Code provides secured creditors with certain protections when a debtor decides to retain the property securing their lien. Under § 1325(a)(5), a debtor must allow a secured creditor to retain its lien and to receive the full value of its secured claim over the life of the plan. Alternatively, the debtor may surrender the collateral to the secured creditor. 11 U.S.C. § 1325(a)(5). Accordingly, when the debtor chooses to retain instead of surrender the property, the value of a secured claim is adjudicated by the order of confirmation and fixed as of the effective date of the plan. *See In re Johnson*, 25 B.R. 178, 179 (Bankr.N.D.Ga.1982); *Banks*, 161 B.R. at 378; *Dunlap*, 215 B.R. at 869. As such, the confirmation of the plan is *res judicata* as to the amount of any allowed secured claim thereunder. *Id.; Johnson*, 25 B.R. at 179. Section 1329(a) does not expressly alter this result.

The better and more consistent interpretation of § 1329(a)(1) permits debtors to alter the amount of their payment on a claim to accelerate or reduce the rate at which a claim is paid. *Coleman*, 231 B.R. at 399. However, the modification of payment amounts cannot alter the allowed amount of the secured claim or eliminate the requirement in § 1325(a)(5) that the claim be paid in full. *Id.* Furthermore, § 1329(a) specifically excludes secured creditors from the list of parties who may move to modify a confirmed chapter 13 plan. A secured creditor cannot seek to modify a confirmed plan in any way. *See Id.* at 400; *Banks*, 161 B.R. at 378. To allow the debtor to modify the amount of a secured claim while prohibiting a secured creditor from making the same request is inequitable and supports the conclusion that Congress did not intend for debtors to modify the amount of secured claims under § 1329(a).

■ In response, the Debtors argue that they are entitled to reclassify GMAC's claim pursuant to § 1329(a)(3)'s provision providing that a distribution required under a confirmed plan may be modified to allow payment from a source other than monetary payments under the plan. *See In re Stone*, 91 B.R. 423, 425 (Bankr. N.D.Ohio 1988). Certainly, under § 1329(a)(3), the Debtors may surrender their vehicle and receive credit against GMAC's claim in the amount which GMAC received when the vehicle was sold. In this case, GMAC's claim is reduced to $2,165.28 after such credits are given.

However, in *Stone*, the Bankruptcy Court for the Northern District of Ohio goes one step further. The debtor was permitted not only to surrender the vehicle but also to have the secured creditor's claim reclassified as unsecured. Accordingly, the Bankruptcy Court concluded that § 1329(a)(3) allowed the debtor to not only pay a portion of the secured claim by surrendering the car after the petition date, but also to reclassify the remainder of the previously secured claim as unsecured. *Id.* Such a reading of § 1329(a)(3) is unwarranted by its language and unsupported by other case law.

The fact that the debtor can return collateral post confirmation and receive a credit against future plan payments as contemplated by § 1329(a)(3) has no connection to the subsequent reclassification of the remaining amount due as an unsecured claim. When Congress drafted § 1329, Congress could have permitted debtors to modify confirmed plans for any number of purposes including the ability to reclassify the status of claims or to modify the amount of a previously allowed claim. Instead, Congress chose to allow modification of plans for three limited purposes, none of which permits reclassifying of claims or modification of allowed claim amounts. Accordingly, by choosing to enact legislation permitting only three limited grounds to modify a confirmed plan, Congress intentionally chose to restrict the ability of parties to modify plans. It is not

in this Court's ability to expand the existing law. Congress intended to restrict the right of a debtor to modify a confirmed plan; this Court intends to enforce the restriction.

In this case, the Debtors' proposed modification would allow GMAC to receive at most the depreciated wholesale value of the vehicle plus a pro rata distribution similar to that which other unsecured creditors are paid. Undoubtedly, GMAC would receive much less than the $5,888.16 which GMAC had as an allowed secured claim at the time of confirmation of the Debtors' original plan. Yet, the Debtors' had possession and use of the vehicle from the time they filed the petition until February, 1999. The Debtors' also enjoyed reduced payments on the debt to GMAC, having extended the payments from the 14 months remaining under their original contract to 36 months under the chapter 13 plan. Allowing the Debtors to now modify their chapter 13 plan in such a way as to reduce the value received by GMAC is inequitable and such a result is unacceptable under the Bankruptcy Code and relevant case law.

■ The Debtors' proposed modification is not permitted by § 1329(a). The Bankruptcy Code does not allow the Debtors' to modify the amount of an allowed secured claim post-confirmation. To allow the Debtors' to surrender their vehicle and reclassify GMAC's deficiency as an unsecured claim would shift the loss resulting from the vehicle's depreciation to GMAC. Such a result seems illogical when any appreciation post-confirmation would benefit the debtor and not the secured creditor. *See e.g. Ford Motor Credit Company v. Stevens (In re Stevens)*, 130 F.3d 1027, 1030 (11th Cir.1997) (holding that the secured creditor was only entitled to the amount of its claim as provided in the debtor's chapter 13 plan when the destruction of the vehicle yielded insurance proceeds greater than the secured creditor's claim). A debtor who decides to retain collateral at a confirmation hearing is entitled to any later appreciation in value but

also must suffer any resulting depreciation or loss. The allowed amount of the secured claim is fixed at confirmation and is not subject to post confirmation modification.

*Conclusion.* The Debtors' proposed modification is not permitted by § 1329 of the Bankruptcy Code. Therefore, GMAC's Motion (Doc. No. 60) is granted. The Order Granting Debtors' Verified Motion to Modify Confirmed Chapter 13 Plan (Doc. No. 57) is vacated. The Debtors' Verified Motion to Modify Confirmed Chapter 13 Plan (Doc. No. 52) is partially granted and partially denied. GMAC's secured claim is reduced to $2,165.28 due to the surrender of the vehicle and the monies received by GMAC at the sale of the car. Pursuant to a separate stipulation of the parties, the Debtors will pay GMAC's remaining secured claim by payments of $50 per month until month 36 of the plan. Thereafter, payments will increase to payments of $174.00 per month until GMAC's claim is paid in full. A separate order consistent with this opinion shall be entered.

DONE AND ORDERED.