**In the Matter of Rachelle L. DAY, Debtor.**

**Rachelle L. Day, Movant,**

v.

**Systems & Services Technologies, Inc., Respondent.**

**Bankruptcy No. 97–54023 RFH.**

United States Bankruptcy Court, M.D. Georgia, Macon Division.

April 24, 2000.

John K. James, Warner Robins, GA, for Movant.

Barbara A. Wright, Macon, GA, for Respondent.

Camille Hope, Macon, GA, Chapter 13 Trustee.

Laura D. Wilson, Macon, GA, for Chapter 13 Trustee.

*MEMORANDUM OPINION*

ROBERT F. HERSHNER, Jr., Chief Judge.

Rachelle L. Day, Movant, filed on November 1, 1999 a Motion for Modification of Plan After Confirmation. Systems & Services Technologies, Inc., Respondent, filed a response on November 17, 1999. A

hearing on Movant's motion was held on February 14, 2000. The Court, having considered the evidence presented and the arguments of counsel, now publishes this memorandum opinion.

Movant purchased a 1995 Dodge Dakota truck. Respondent financed the purchase and holds a lien on the truck.

Movant suffered financial problems and filed a petition under Chapter 13 of the Bankruptcy Code on September 4, 1997. The Court entered an order on December 15, 1997 confirming Movant's Chapter 13 plan. Respondent is Movant's sole secured creditor. The confirmed Chapter 13 plan provides for monthly payments of $291 on Respondent's secured claim of $12,600.

Movant, a member of the United States Air Force, was advised in late 1999 that she will be transferred overseas in mid-2000. Movant will not take her truck overseas.

Movant filed on November 1, 1999 a motion to modify her Chapter 13 plan after confirmation. Movant proposes to surrender her truck to Respondent and then reclassify the unpaid balance of Respondent's claim as unsecured. No dividend will be paid on unsecured claims.

The Standing Chapter 13 Trustee urges the Court to approve Movant's proposed modification. Respondent objects to Movant's proposed modification. Respondent contends that the balance of its claim must be treated as secured and may not be changed to unsecured.

Movant surrendered her truck in late November 1999. At that time, the truck's NADA trade-in value was $8,225 and the retail value was $10,325. Movant testified that her truck was worth $9,000. The truck has some damage to the rear bumper that Movant testified would cost $200 to repair.

Movant is current on her Chapter 13 payments. The current balance owed on Respondent's secured claim is about $7,000. The liquidation of Movant's truck may satisfy in full Respondent's claim.[1]

Section 1329(a) and (b) of the Bankruptcy Code[2] provides as follows:

### § 1329. Modification of plan after confirmation

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon request of the debtor, the trustee, or the holder of an allowed unsecured claim, to-

    (1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

    (2) extend or reduce the time for such payments; or

    (3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

(b)(1) Sections 1322(a), 1322(b), and 1323(c) of this title and the requirements of section 1325(a) of this title apply to any modification under subsection (a) of this section.

(2) The plan as modified becomes the plan unless, after notice and a hearing, such modification is disapproved.

11 U.S.C.A. § 1329(a), (b) (West 1993).

The courts are divided on whether a debtor may modify a confirmed Chapter 13 plan to surrender collateral to the secured creditor and then reclassify the unpaid balance of the claim as unsecured.[3]

---

1. Neither Movant nor Respondent know whether the truck has been liquidated.

2. 11 U.S.C.A. § 1329(a), (b) (West 1993).

3. One article suggests that the unpaid balance should be an administrative expense claim.

See J. Walker & J. Stroud *Post–Confirmation Modifications of Chapter 13 Plans: Treatment of Secured Claims Upon Surrender of Depreciating Collateral* (presented at the 1999 National Conference of Chapter Thirteen Trustees Conference in New York City).

This Court has held that a Chapter 13 "debtor may, under appropriate circumstances, modify a confirmed plan to surrender collateral to a secured creditor and to classify any resulting deficiency claim as unsecured." *In re Smith*, Case No. 88–10722 (Bankr.M.D.Ga. Dec. 26, 1990) (Laney, J.).

A number of other courts also have allowed the modification.

Judge Keith M. Lundin, in his treatise, *Chapter 13 Bankruptcy*, states:

### § 6.54 To Surrender Property or Modify the Treatment of Secured Claims

. . . .

. . . .

Section 1329 should permit modification of a confirmed plan to surrender collateral to a secured claim holder in the typical Chapter 13 case . . . .

. . . .

Section 1329(a)(1) permits a Chapter 13 debtor to "increase or reduce the amount of payments on claims of a particular class provided for by the plan." Section 1329(a)(2) permits modification of a confirmed plan to "extend or reduce the time" for payments on claims of a particular class provided for by the plan. If the original Chapter 13 plan provided for payment of a secured claim in any of the ways mentioned above, then a modified plan that surrenders the collateral and changes the payments to the claim holder falls squarely within § 1329(a)(1) and (a)(2).

At confirmation of a modified plan that proposes to surrender collateral to a secured claim holder, § 506(a) would have its normal application to require splitting the allowable claim into its secured and unsecured components based upon the value of the collateral securing the claim . . . .

. . . Of course, § 1327(a) binds the debtor and all creditors to the provisions of the confirmed plan. However-

er, the effect of confirmation under § 1327 is subject to the possibility that a confirmed plan will be modified under § 1329. Absent court disapproval, the modified plan becomes the plan under § 1329(b)(2). Section 1329(b)(1) describes the Code sections that apply at confirmation of a modified plan. Nowhere did Congress except the surrender of collateral from the powers available at modification of a Chapter 13 plan. To preclude a Chapter 13 debtor from modifying a plan after confirmation to reflect that a creditor repossessed its collateral and is thus no longer the holder of an allowable secured claim is to turn the Code on its head.

Keith M. Lundin, 2 *Chapter 13 Bankruptcy* § 6.54 (2d ed.1997).

*Collier on Bankruptcy* states:

Of course, a postconfirmation modification that changes the rights of the holder of an allowed secured claim provided for by the modified plan must either be accepted by the holder, relinquish the collateral to the holder, or contain a cram down provision meeting the requirements of section 1325(a)(5)(B).

8 *Collier on Bankruptcy* ¶ 1329.05[3] p. 1329–10 (15th ed. rev.1999).

In *In re Jock* [4] the Bankruptcy Court for the Middle District of Tennessee stated:

The question presented is whether a Chapter 13 debtor can modify a confirmed plan to surrender a car to a secured claim holder and pay any deficiency as an unsecured claim. The debtor can amend to surrender the car. The debtor can pay the deficiency as an unsecured claim.

. . . .

The debtor's proposed modification would "increase or reduce the amount of payments on claims of a particular class provided for by the plan," within the meaning of § 1329(a)(1). It has long been recognized in this district that each

4. 95 B.R. 75 (Bankr.M.D.Tenn.1989) (Lundin, J.)

secured claim is separately classified in a Chapter 13 case....

The debtor's proposed modification changes the "amount of payments" to the sum of the payments made to the bank plus the value of the surrendered car....

11 U.S.C.S. §§ 1329(b) and (c) fix the statutory limits on modifications of Chapter 13 plans after confirmation. The mandatory and permissive provisions of a Chapter 13 plan found in 11 U.S.C.S. §§ 1322(a) and(b) (1987) and the confirmation requirements of 11 U.S.C.S. § 1325(a) (1987) "apply to any modification under subsection (a) of this section." 11 U.S.C.S. § 1329(b)(1). A Chapter 13 debtor can use the permitted plan provisions described in § 1322(b), subject to the confirmation requirements of § 1325(a), to modify a confirmed Chapter 13 plan under § 1329(a).

Section 1322(b)(8) permits a Chapter 13 debtor to "provide for the payment of all or part of a claim against the debtor from property of the estate or property of the debtor." 11 U.S.C.S. § 1322(b)(8). Section 1325(a)(5)(C) permits a Chapter 13 debtor to satisfy an "allowed secured claim provided for by the plan" by surrendering the property securing the claim. 11 U.S.C.S. § 1325(a)(5)(C). This Chapter 13 debtor could have satisfied the secured claim of Boatmen's by surrendering the car to the bank at confirmation of the original plan in February of 1988. The incorporation of §§ 1322(b)(8) and 1325(a)(5)(C) into the standards for post-confirmation modification in § 1329 empower this Chapter 13 debtor to modify the confirmed plan to surrender the car in satisfaction of Boatmen's secured claim.

Boatmen's argues that 11 U.S.C.S. § 1327 (1987) prohibits the debtor to modify its treatment after the original confirmation order became final....

Section 1327(a) is not a limit on permitted modification of a confirmed Chapter 13 plan; rather, it is a statutory description of the effect of a confirmed plan or of a confirmed modified plan. A confirmed Chapter 13 plan binds the debtor (and all creditors), 11 U.S.C.S. § 1327(a), but a confirmed plan "may be modified ... at any time after confirmation of the plan but before the completion of payments under the plan...." 11 U.S.C.S. § 1329(a). The confirmed plan binds the debtor unless and until it is modified, and then the modified plan "becomes the plan," 11 U.S.C.S. § 1329(b)(2), and the modified plan has the effects described in § 1327. Sections 1322(a), (b), 1323(c) and 1325(a) are the appropriate sources of the limits on modification under § 1329. *See* 11 U.S.C.S. § 1329(b).

. . . .

The Bankruptcy Code protects the secured claim holder from abusive depreciation between confirmation and modification by applying the "good faith" test at confirmation of a modified Chapter 13 plan. 11 U.S.C.S. § 1329(b)(1). Had evidence been introduced at the hearing on confirmation of the modified plan that the debtor abused the car after February 1988, the proposed modification might be portrayed as a bad faith effort by the debtor to shift the loss caused by the debtor's misconduct to the secured claim holder. There is no such evidence.

Section 1325(a)(5) protects the present value of the allowed secured claim at the effective date of the original plan. The creditor who bargains for a stream of payments through a Chapter 13 plan that is not sufficient to protect the creditor from loss in value of its underlying collateral has failed to assert its rights at confirmation.

That the debtor could convert this Chapter 13 case to Chapter 7, surrender the car to Boatmen's and (probably) discharge the deficiency is further evidence that Congress contemplated modification of a Chapter 13 plan to permit the surrender of collateral to the holder of an allowed secured claim. *See* 11 U.S.C.S. § 1307 (1987) (conversion of Chapter 13 cases); 11 U.S.C.S. § 348 (Supp.1988)

(effect of conversion); 11 U.S.C.S. § 554 (Supp.1988) (abandonment of property of the estate).

95 B.R. at 76–78.

*See In re Waller,* 224 B.R. 876 (Bankr. W.D.Tenn.1998) (creditor repossessed and sold debtor's car; debtor may modify confirmed plan to reclassify as unsecured any deficiency accruing to secured creditor after automatic stay was lifted); *In re Anderson,* 153 B.R. 527, 528 (Bankr. M.D.Tenn.1993) (creditor repossessed and sold debtor's car; "modification of a secured claim in a Chapter 13 case complies with § 1329(a)(1) because each secured claim consists of its own 'particular class'"); *In re Rimmer,* 143 B.R. 871 (Bankr.W.D.Tenn.1992) (secured claim is subject to postconfirmation modification; debtor may reclassify deficiency on surrendered car as an unsecured claim); *In re Stone,* 91 B.R. 423, 425 (Bankr.N.D.Ohio 1988) (modification can reclassify a secured claim as unsecured when a deficiency results from sale of collateral).

A number of courts have not allowed the modification.

In *In re Meeks* [5] the Bankruptcy Court for the Middle District of Florida stated:

> *Section 1329 Does Not Permit the Modification of a Secured Claim.* The next issue then is whether the Debtors' proposed modification qualifies as one of the three modifications permitted by § 1329. In this case, the Debtors wish to surrender the vehicle to GMAC and then reclassify GMAC's remaining secured claim as unsecured. The Debtors have argued that § 1329(a)(1)'s provision allowing a debtor to "increase or reduce the amount of payments on claims of a particular class" permits the Debtors here to modify their Plan by decreasing the payments to GMAC and reclassifying GMAC's claim as unsecured.
>
> Certainly § 1329 permits the Debtors to increase or decrease the monthly payments they make to GMAC; however, nothing in the express language of § 1329(a) permits debtors to reclassify GMAC's secured claim. Nevertheless, a minority of bankruptcy courts have allowed these types of modifications. With little legal analysis these courts reason that because § 1329(a)(1) allows debtors to modify *payments* on claims, debtors, in turn, also can modify the *amount* of those claims.
>
> Several other courts have rejected this conclusion finding that § 1329(a) does not expressly allow debtors to reclassify a previously secured claim as unsecured. Nowhere in § 1329(a) does the statute permit a debtor to modify the *amount* of an allowed secured claim. Likewise, § 1329(a) does not allow a debtor to reclassify an allowed secured claim as an unsecured claim. The claim amount is fixed at the confirmation hearing, and no provision in § 1329 allows for the later modification or reexamination of the claim amount.
>
> Further, the Bankruptcy Code provides secured creditors with certain protections when a debtor decides to retain the property securing their lien.... [W]hen the debtor chooses to retain instead of surrender the property, the value of a secured claim is adjudicated by the order of confirmation and fixed as of the effective date of the plan. As such, the confirmation of the plan is *res judicata* as to the amount of any allowed secured claim thereunder. Section 1329(a) does not expressly alter this result.
>
> The better and more consistent interpretation of § 1329(a)(1) permits debtors to alter the amount of their payment on a claim to accelerate or reduce the rate at which a claim is paid. However, the modification of payment amounts cannot alter the allowed amount of the secured claim or eliminate the requirement in § 1325(a)(5) that the claim be paid in full. Furthermore, § 1329(a) specifically excludes secured creditors from the list of parties who may move to modify a confirmed chapter 13 plan. A secured

---

**5.** 237 B.R. 856 (Bankr.M.D.Fla.1999).

creditor cannot seek to modify a confirmed plan in any way. To allow the debtor to modify the amount of a secured claim while prohibiting a secured creditor from making the same request is inequitable and supports the conclusion that Congress did not intend for debtors to modify the amount of secured claims under § 1329(a).

In response, the Debtors argue that they are entitled to reclassify GMAC's claim pursuant to § 1329(a)(3)'s provision providing that a distribution required under a confirmed plan may be modified to allow payment from a source other than monetary payments under the plan. Certainly, under § 1329(a)(3), the Debtors may surrender their vehicle and receive credit against GMAC's claim in the amount which GMAC received when the vehicle was sold. In this case, GMAC's claim is reduced to $2,165.28 after such credits are given.

. . . .

The fact that the debtor can return collateral post confirmation and receive a credit against future plan payments as contemplated by § 1329(a)(3) has no connection to the subsequent reclassification of the remaining amount due as an unsecured claim. . . .

237 B.R. at 860–61.

*See Chrysler Financial Corp. v. Nolan,* 234 B.R. 390 (M.D.Tenn.1999) (§ 1329 does not allow deficiency to be reclassified as an unsecured claim); *In re Coleman,* 231 B.R. 397, 399 (Bankr.S.D.Ga.1999) (an allowed secured claim is fixed in amount and status and must be paid in full; change in amount of payment may only accelerate or slow the rate of payment, not alter the amount of the claim); *In Dunlap,* 215 B.R. 867 (Bankr.E.D.Ark.1997) (modification cannot reclassify deficiency from secured claim to unsecured claim); *In re Holt,* 136 B.R. 260, 261 (Bankr.D.Idaho 1992) (" § 1329(a)(1) ought to be limited to adjustments in amounts of payments under the plan as opposed to material changes in the treatment of secured creditors"); *Sharpe v. Ford Motor Credit Co. (In re Sharpe),* 122 B.R. 708, 710 (E.D.Tenn.1991) (§ 1329(a)(1) "does not permit individualized treatment of class members or the reclassification of a single creditor from a secured to an unsecured status"); *In re Abercrombie,* 39 B.R. 178 (Bankr.N.D.Ga.1984) (creditor repossessed and sold car; reclassification of the deficiency from a secured claim to an unsecured claim would violate res judicata principles); *In re Johnson,* 25 B.R. 178 (Bankr.N.D.Ga.1982) (modified plan must allow deficiency to be paid as a secured claim).

Turning to the case at bar, the Court is persuaded that Movant may modify her confirmed Chapter 13 plan to surrender the truck to Respondent and that she may then reclassify the unpaid balance of the claim as unsecured. The Court is persuaded by the reasoning of Judge Lundin in his treatise and by his reasoning in *In re Jock.* Judge Lundin sets forth the better reasoned conclusion. Surely Congress intended such a result when it provided that Chapter 13 plans could extend for up to five years. The requirements for post-confirmation modifications, which include a good faith requirement, have the needed protection to ensure that secured claimants are adequately protected.

The Court is persuaded that it should grant Movant's motion to modify. Movant has substantially reduced Respondent's secured claim through her Chapter 13 plan payments. The liquidation of Movant's truck may satisfy in full the remainder of Respondent's claim. The Court can find no bad faith by Movant.