**In re Linda L. SMITH, Debtor.**

No. 99–41965.

United States Bankruptcy Court, S.D. Illinois.

March 6, 2001.

Marilyn J. Washburn, Riezman Berger, P.C., St. Louis, MO, for Creditor–Objector.

Scott Hendricks, Hendricks and Hagan, Carbondale, IL, for Debtor.

## OPINION

KENNETH J. MEYERS, Bankruptcy Judge.

The debtor in this case seeks to modify her confirmed Chapter 13 plan to surrender a vehicle securing the claim of General Motors Acceptance Corporation ("GMAC") and pay the deficiency following sale of the vehicle as an unsecured claim. GMAC objects, asserting that the proposed modification would reclassify its claim from secured to unsecured in violation 11 U.S.C. § 1329 governing post-confirmation modification.

The facts are undisputed. Debtor, Linda Smith, filed her Chapter 13 petition in October 1999, four months after purchasing the vehicle in question. The debtor's husband did not join in her petition, although his income was considered in determining the amount of the debtor's monthly payment under her plan. GMAC, who financed the purchase of the debtor's vehicle, filed a claim showing it was fully secured by the vehicle. The debtor filed no objection to this claim and, in her plan, classified GMAC's claim as a "continuing claim" to be paid "according to the terms of [the parties'] original agreement." [1]

The debtor's plan was confirmed in December 1999. In October 2000, the debtor filed an application for suspension of payments and, shortly thereafter, a modified plan. The debtor stated that her husband had died unexpectedly and that she was unable, without his income, to make her monthly plan payments and meet basic living expenses. The debtor sought, therefore, to surrender the vehicle securing GMAC's claim in order to reduce her obligation to GMAC and lower the amount of her monthly payment. Under this proposal, the debtor would pay any balance remaining after liquidation of the vehicle as an unsecured claim.

In objecting to the debtor's proposed modification, GMAC contends that the debtor's confirmed plan treating its claim as fully secured is *res judicata* and that the modification provisions of § 1329(a) do not allow the debtor to reclassify its claim as unsecured. Thus, GMAC maintains, the debtor must pay the balance of its claim as secured despite her surrender of the vehicle. The debtor counters, however, that the Court may allow such modification in the exercise of its discretion and asserts that modification is appropriate here given the equities of her case.

Section 1329(a) of the Bankruptcy Code provides for modification of a confirmed Chapter 13 plan upon request of the debtor, the trustee, or an unsecured creditor in order to:

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any payment of such claim other than under the plan.

11 U.S.C. § 1329(a). In addition to qualifying under § 1329(a), a proposed modifi-

---

1. Section 1322(b)(5) permits a Chapter 13 debtor to maintain payments during pendency of the case on long-term contracts such as that here, when

the last payment is due after the date on which the final payment under the plan is due.

11 U.S.C. § 1322(b)(5). In this instance, because of the short length of time between the debtor's purchase of the vehicle and her Chapter 13 filing, her obligation to GMAC (54 months) extended well beyond the duration of her Chapter 13 plan (36 months).

cation must also satisfy the confirmation requirements of the initial plan, including the requirement of good faith. *See* 11 U.S.C. § 1329(b)(1).[2]

The issue in this case—whether, under § 1329(a), a debtor may modify a confirmed Chapter 13 plan to surrender collateral to a secured creditor and reclassify the remainder of the creditor's claim as unsecured—has been the subject of much debate in the courts. *See, e.g., In re Nolan,* 232 F.3d 528, 531–32 (6th Cir.2000); David S. Cartee, Comment, *Surrendering Collateral Under Section 1329: Can the Debtor Have Her Cake and Eat It Too?,* 12 Bankr.Dev. J. 501, 511–517 (1996). Two distinct positions have developed, depending upon whether the language of § 1329(a)—particularly subsection (a)(1)— is read expansively as allowing payment of the balance of a creditor's claim as unsecured after surrender of its collateral, or more narrowly as simply not providing for reclassification of a creditor's claim following confirmation. *See id.* at 502.

The first line of cases, that of *In re Jock,* 95 B.R. 75 (Bankr.M.D.Tenn.1989), and its progeny, *see e.g., In re Rimmer,* 143 B.R. 871 (Bankr.W.D.Tenn.1992); *In re Day,* 247 B.R. 898 (Bankr.M.D.Ga.2000); *In re Townley,* 256 B.R. 697 (Bankr.D.N.J.2000), holds that the language of § 1329(a)(1) allowing a debtor "to increase or reduce the amount of payments on claims of a particular class" not only allows the debtor to reduce "payments" on a claim but also the "amount" of the claim itself. Thus, upon surrender and liquidation of the creditor's collateral, the amount of the secured claim is reduced to zero, with the balance of the claim reclassified and paid as unsecured.

The other line of authority, recently adopted by the Sixth Circuit Court of Appeals in *In re Nolan,* 232 F.3d 528, 535 (6th Cir.2000), holds that a debtor may not,

under § 1329(a), surrender collateral and then reclassify any deficiency remaining after liquidation and application of the proceeds as an unsecured claim. *See, e.g., In re Goos,* 253 B.R. 416 (Bankr.W.D.Mich. 2000); *In re Meeks,* 237 B.R. 856 (Bankr. M.D.Fla.1999); *In re Coleman,* 231 B.R. 397 (Bankr.S.D.Ga.1999). The *Nolan* court, reading the statute closely, observed that § 1329(a)(1) "does not expressly allow the debtor to alter, reduce, or reclassify a previously allowed secured claim[,] ... [but] only affords the debtor a right to request alteration of the amount or timing of specific payments." *Id.* at 532. The court reasoned that Congress, in using the separate terms "payment" and "claim" in § 1329(a), intended to preserve the distinction found elsewhere in the Code between "payment," as "delivery of money or other value by a debtor to a creditor," and "claim," as "right to payment or other equitable remedy." *Id.* at 534–35. Thus, in allowing a debtor to increase or reduce the amount of "payments" on a claim, Congress did not envision that a debtor would alter the amount of the claim itself. In so deciding, the *Nolan* court expressly rejected the *Jock* interpretation of § 1329(a) and effectively overruled lower court decisions in the Sixth Circuit that have followed *Jock. See id.* at 532.

To this Court's knowledge, the Sixth Circuit in *Nolan* is the only Court of Appeals to have addressed the issue of a debtor's ability to reclassify claims under § 1329(a). While there is no decision from the Seventh Circuit Court of Appeals dealing specifically with this issue, the Seventh Circuit's rulings on other issues of modification under § 1329 indicate it would adopt a narrow, rather than expansive, interpretation of § 1329(a). In *In re Witkowski,* 16 F.3d 739 (7th Cir.1994), the court considered a trustee's request to modify the debtor's confirmed plan—after

---

**2.** Section 1329(b)(1) provides, in relevant part:

Sections 1322(a) [and] 1322(b) ... of this title [regarding the contents of a plan] and

the requirements of section 1325(a) of this title [regarding the confirmation of a plan] apply to any modification under subsection (a) of this section.

some unsecured creditors failed to file claims—so as to increase the percentage payable to those creditors who did file claims. In rejecting the debtor's argument that the doctrine of *res judicata*, as incorporated in § 1327(a),[3] precluded the trustee from modifying the percentage of payments to unsecured creditors without a minimal showing of change of circumstances, the court pointed out that "modifications under § 1329 are not limitless" as implied by the debtor. *Id.* at 745. Rather, "by the express terms of the statute," modifications are only allowed in "three limited circumstances" as set forth in § 1329(a)(1), (2), and (3). *Id.* Thus, the court emphasized, the "plain language of the statute" is controlling on issues of modification. *Id.* at 744. Although Congress provided a mechanism to change the binding effect of § 1327(a) when it passed § 1329 to allow for modifications, a party seeking modification must come within the precise limits of § 1329(a) in order to gain the benefit of its provisions. *See id.* at 745.

At least one court has taken the reasoning of *Witkowski* to its logical conclusion, following the Seventh Circuit's narrow reading of § 1329(a) to hold that a debtor may not surrender collateral securing a claim and then reclassify the remaining claim as unsecured. *See In re Meeks*, 237 B.R. 856, 859–60 (Bankr.M.D.Fla.1999). The *Meeks* court, in so ruling, noted that under § 1327(a), a confirmed plan is *res judicata* as to any issue resolved or subject to resolution at confirmation—which includes the amount of a secured claim—and the debtor, upon confirmation, is obligated to pay the allowed amount of the secured claim in full. *See* 11 U.S.C. § 1325(a)(5)(B)(ii). While the debtor may thereafter modify the confirmed plan, this modification is allowed only for the limited purposes set forth in § 1329(a). *Meeks*, at

860. Thus, although the debtor may increase or decrease the monthly payment made to a secured creditor, nothing in the express language of the statute permits the debtor to alter the allowed amount of the secured claim or to reclassify such claim as an unsecured claim. *Id.*

■ This Court, like *Meeks*, finds that under *Witkowski*'s precise reading of § 1329(a), a debtor is precluded from modifying a plan in order to reclassify a secured claim as unsecured following the surrender of collateral post-confirmation. Although the modification provisions of § 1329(a) constitute an exception to the binding effect of confirmation and allow the debtor some flexibility in complying with the plan as confirmed, any proposed modification must come within the express terms of the statute. Section 1329(a), by its terms, makes no provision for the reclassification of claims by the debtor. Thus, even though the debtor may surrender collateral securing a creditor's claim and receive credit against future plan payments on the claim, *see* 11 U.S.C. § 1329(a)(3), nothing in the statute allows the debtor to reclassify the remaining amount due as an unsecured claim.

Congress could have permitted debtors to modify confirmed plans for any number of purposes, including changing the classification of claims or altering the amount of previously allowed claims. *See Meeks*, at 861. Instead, Congress authorized the modification of plans for three limited purposes, none of which involves reclassifying claims or changing claim amounts. *See id.* Congress deemed it appropriate to restrict the ability of parties to modify a confirmed Chapter 13 plan, and it is not this Court's function to expand the statute beyond what is explicitly provided. Accordingly, the Court finds that § 1329(a), as written, does not allow a debtor, following the sur-

---

**3.** Section 1327(a) provides regarding the "effect of confirmation" that:

[t]he provisions of a confirmed plan bind the debtor and each creditor, whether or not the claim of such creditor is provided

for by the plan, and whether or not such creditor has objected to, has accepted, or has rejected the plan.

11 U.S.C. § 1327(a).

render of collateral securing a creditor's claim, to modify a confirmed plan and pay the remaining balance of the claim as unsecured.

■ In the present case, the debtor, despite having surrendered her vehicle to GMAC, must pay the full amount of GMAC's secured claim in order to complete her plan as confirmed. This result is not changed by the classification of GMAC's claim in the debtor's plan as a "continuing claim" to be paid according to the parties' original agreement. The Bankruptcy Code provides regarding the allowance of claims that "[a] claim ..., proof of which is [duly] filed, *is deemed allowed,* unless a party in interest ... objects." 11 U.S.C. § 502(a) (emphasis added). Here, GMAC filed its claim showing it was fully secured by the debtor's vehicle, and the debtor filed no objection. Indeed, the debtor acknowledges that she proposed to pay the claim in full due to the closeness of time between her purchase of the vehicle and her bankruptcy filing. GMAC's claim, therefore, was allowed as "secured" pursuant to the operation of § 502(a), and its status is not altered by the fact that payments were to be made under the terms of the parties' agreement. As holder of this secured claim, GMAC is entitled to be paid the full amount of its claim under the debtor's confirmed plan, and the debtor may not, as set forth above, return the collateral and reclassify the remainder of GMAC's claim as unsecured.

■ Contrary to the debtor's assertion here, the Court is without discretion to approve a modification that falls outside the limits of § 1329(a). While the Seventh Circuit in *Witkowski* noted the statute's permissive language and observed that "modification under § 1329(a) is discretionary," *id.* at 746, it is clear that such discretion is to be exercised in the context of the limits imposed by § 1329(a)(1), (2), and (3). *See Witkowski,* 16 F.3d at 745–46. No amount of discretion can remedy a proposed modification that is outside the express limits of the statute.

The debtor also emphasizes her good faith in seeking modification at this time and argues that modification should be allowed due to the tragic and unforeseen circumstance of her husband's death. The Court has no reason to doubt the good faith of the debtor's proposed modification. However, any evaluation of the debtor's good faith is *superfluous at this time,* as it is only when there is compliance with the modification limits set forth in subsections (a)(1), (2), and (3) of the statute that the good faith requirement and other requirements imposed by subsection 1329(b)(1) become relevant. *See In re Taylor,* 99 B.R. 902, 905 (Bankr.C.D.Ill.1989). A debtor cannot "bootstrap" § 1329(b)(1) to enlarge the modifications permitted by § 1329(a). *Id.*

The Court notes, finally, that some courts, reasoning that a debtor might obtain the result sought here by simply dismissing an existing case and refiling a new Chapter 13 case, have allowed the reclassification of claims under § 1329(a) on the grounds of judicial efficiency. *See In re Frost,* 123 B.R. 254, 259 (S.D.Ohio 1990); Cartee, *Surrendering Collateral Under Section 1329,* 12 Bankr.Dev. J. 501, 517–18. This Court, however, finds such reasoning to be specious. What "could be" and "what is" are two different things, and a debtor who dismisses a case in order to surrender collateral on a secured claim and reclassify the remaining deficiency is exposed to risks and trade-offs that are not present when a debtor seeks modification of a confirmed plan in an existing case. *See In re Coleman,* 231 B.R. 397, 401 (Bankr.S.D.Ga.1999). In any event, the Court is not empowered to approve the debtor's proposed modification merely because it would serve the cause of judicial efficiency. Section 1329(a), as written, simply does not afford the relief the debtor seeks.

For the reasons stated, the Court finds that the debtor's proposed modified plan cannot be approved, and, accordingly, the

Court will sustain the objection to modification filed by GMAC.