In re Jamie Earl JACKSON, Sr., Delia Deshone Jackson, Debtors.

No. 00–13450–MAM–13.

United States Bankruptcy Court, S.D. Alabama.

March 19, 2001.

Lacey Robertson, Mobile, AL, for Debtor.

James D. Brooks, Mobile, AL, for Dennis Ellis Used Cars, Inc.

ORDER SUSTAINING THE OBJECTION OF DENNIS ELLIS USED CARS, INC. TO CONFIRMATION

MARGARET A. MAHONEY, Chief Judge.

This matter is before the Court on the objection to confirmation of Dennis Ellis Used Cars, Inc. ("Ellis"). The Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Order of Reference of the District Court. This is a core proceeding pursuant to 28 U.S.C. § 157(b) and the Court has the authority to enter a final order. For the reasons indicated below, the Court is sustaining Ellis' objection to confirmation.

FACTS

On July 10, 2000, the debtors, Jamie and Delia Jackson, purchased a 1994 Pontiac Grand Prix from Ellis. The Jacksons filed for relief pursuant to chapter 13 of the Bankruptcy Code on August 30, 2000. Debtor's confirmed plan listed the total secured claim of Ellis in the amount of $4,900. To date Ellis has only received

$12.31 for its claim. The Jacksons have returned the vehicle to Ellis and have proposed an amended plan stating that the vehicle is to be surrendered to Ellis "in full satisfaction of all debt." Ellis objects to the amended plan on the grounds that the value of the vehicle has decreased more than the payments they have received. The Jacksons have put over 10,000 miles on the vehicle [1] and have only paid $12.31. Both the Jacksons' confirmed plan and proposed amended plan propose to pay unsecured creditors 0%. Ellis objects to confirmation of this plan on the basis that any unpaid deficiency in its secured claim after the sale of the vehicle should be paid in full.

## LAW

■ The issue before the Court is whether after the surrender and sale of the collateral securing Ellis's claim, the balance of the claim retains the status of secured or is reclassified as an allowed unsecured claim. Section 1329 of the Bankruptcy Code states:

(a) At any time after confirmation of the plan but before the completion of payments under such plan, the plan may be modified, upon the request of the debtor, the trustee, or the holder of an allowed unsecured claim, to—

(1) increase or reduce the amount of payments on claims of a particular class provided for by the plan;

(2) extend or reduce the time for such payments; or

(3) alter the amount of the distribution to a creditor whose claim is provided for by the plan to the extent necessary to take account of any pay-

ment of such claim other than under the plan.

There is a split of authority among the districts as to whether § 1329 allows a debtor to modify a confirmed plan to surrender collateral and reclassify any deficiency as unsecured. Some courts hold that § 1329(a)(1) allows debtors to reduce the amount of a claim. The amount of the secured claim after surrender and sale would be reduced to zero and the deficiency reclassified as unsecured. See, e.g., *In re Conley*, 2000 WL 1805324 (Bankr. E.D.Va.2000); *In re Townley*, 256 B.R. 697 (Bankr.D.N.J.2000); *In re Day*, 247 B.R. 898 (Bankr.M.D.Ga.2000); *In re Rimmer*, 143 B.R. 871 (Bankr.W.D.Tenn.1992); *In re Jock*, 95 B.R. 75 (Bankr.M.D.Tenn. 1989). Other courts, including the Sixth Circuit Court of Appeals,[2] hold that § 1329(a)(1) does not allow the debtor to alter, reduce or reclassify a previously allowed secured claim, but only affords the debtor a right to request alteration of the amount or timing of specific payments. See, e.g., *Chrysler Financial Corp. v. Nolan (In re Nolan)*, 232 F.3d 528 (6th Cir. 2000); *In re Smith*, 259 B.R. 323 (Bankr. S.D.Ill.2001); *In re Goos*, 253 B.R. 416 (Bankr.W.D.Mich.2000); *In re Cruz*, 253 B.R. 638 (Bankr.D.N.J.2000); *In re Meeks*, 237 B.R. 856 (Bankr.M.D.Fla.1999); *In re Coleman*, 231 B.R. 397 (Bankr.S.D.Ga. 1999).

The Sixth Circuit in *Chrysler Financial Corp. v. Nolan (In re Nolan)*, 232 F.3d 528 (6th Cir.2000), based its decision on five grounds: (1) section 1329(a) must be satisfied before applying § 1329(b)(1), which directs the application of other provisions of the Code that pertain to requirements of a plan and effect of confirmation; (2) reducing the secured claim would violate

---

1. This information was proffered by the attorney for Ellis. No testimony was taken. The Court is taking the information as fact for purposes of this hearing only.

2. This Court is aware of no other Court of Appeals that has addressed this issue.

§ 1325(a)(5)(B), which mandates that a secured claim is fixed in amount and status and must be paid in full once it has been allowed; (3) reclassification would contravene § 1327(a) which directs that the provisions of a confirmed plan bind the debtor and each creditor; (4) section 1329(a) permits only the debtor, the trustee, and holders of unsecured claims to bring a motion to modify a plan; an undersecured creditor cannot seek to reclassify its claim in the event that collateral appreciated; and (5) the plain language of § 1329 only allows a plan to be modified to increase or reduce the amount of "payments" on claims; amended plans cannot increase or reduce the amount or priority of the claims themselves.

This Court finds the reasoning of the Sixth Circuit in Nolan persuasive. The decision is a harsh one for debtors. It will force them to make decisions about the retention or surrender of vehicles before confirmation. Otherwise, deficiency payments after surrender will continue to be secured debts. This is a major departure from the Court's prior practice. Debtors will have to be very careful in formulating plans. Otherwise, if they wish to surrender collateral, they may be forced to dismiss their cases and refile to insure unsecured status for postconfirmation deficiency claims.[3] Based upon the language of the Code, the Court believes the conclusion is the only logical one.

THEREFORE, IT IS ORDERED AND ADJUDGED that the objection of Dennis Ellis Used Cars, Inc. is sustained and confirmation of the amended plan is DENIED.

---

**3.** This decision means chapter 13 debtors should never voluntarily surrender collateral postconfirmation—whether through a plan or relief from stay—without a clear understanding with the creditor about the status of any deficiency claim.